U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JAN 22 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Luba Casualty Ins. Co., Inc.                Civil Action No. 13-00917

versus                                       Judge Richard T. Haik, Sr.

Robert Bosch LLC                             Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is an unopposed[1] motion for summary judgment filed by Robert Bosch LLC ("Bosch") [Rec. Doc. 8] against Luba Casualty Insurance Company, Inc. ("Luba"). The fact that the motion is unopposed does not necessarily mean the movant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). However, failure to file an opposition and statement of contested material facts requires the Court to deem the movant's statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2W.*

This products liability action was filed in the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana on June 14, 2012 by Luba, the worker's compensation insurance carrier of Jeff Floors, against Bosch as the manufacturer of a "Skil" electric table saw, for the injuries sustained by Jeff Floors employee, Dennis Maturain. *R. 1-1*. The action was removed to this Court on May 3, 2013. *Id.*

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to defendant's motion was December 13, 2013. *LR. 7.5.*

On January 25, 2013, defendant propounded discovery to plaintiff, Luba, requesting identification of any expert witnesses, production of pictures of the subject saw, work piece and Maturain's injuries, identification of and information related to defendant's product at issue and production of the product. R. 8-1. Luba responded to the discovery on April 18, 2013, and failed to provide the requested discovery information. Id. In a telephone conversation on June 20, 2013, counsel for plaintiff advised defense counsel that he did not have the saw available for inspection as Luba did not preserve it. Id. Luba has no information concerning the current location of the saw nor has it been inspected by any expert witness in this action. Id. The Scheduling Order issued in this action provides that plaintiff's expert witness report was due by November 12, 2013 and the parties' discovery deadline was December 11, 2013. R. 5.

The Louisiana Products Liability Act ("LPLA") provides "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52.FN3 To hold a manufacturer liable under the LPLA, a plaintiff must establish: "damage proximately caused by a characteristic of the product that rendered its product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. R.S. 9:2800.54 A. The product is unreasonably dangerous if, and only if the product is: 1) unreasonably dangerous in construction, 2) unreasonably dangerous in design, 3) unreasonably dangerous due to an inadequate warning, or 4) unreasonably dangerous because it does not conform to an express warranty. La. R.S. 9:2800.54 B.

Luba alleges the saw was defective in design, including: "(1) Insufficient controls; (2) Insufficient "guards", "stop" or otherwise, to protect the hands of a operator; (3) Insufficient safety featured to prevent injury; (4) Failure of the machine to sufficient[sic] protect the operator causing injury." R. 1-1. To recover under a defective design theory, Lowery must prove that "... at the time the product left its manufacturer's control: (1) There existed an alternative design for the product that was capable of preventing the claimant's damages; and (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the

2

manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product." *Morgan v. Gaylord Container Corp.*, 30 F.3d 586, 590 (5th Cir.1994)(citing, La. R.S. § 9:2800.56).

In determining whether or not to grant summary judgment, "[t]he crucial question for the court is whether there is a 'genuine issue' of fact concerning any essential element of the claim on which judgment is being sought. If the moving party can show that there is no evidence whatever to establish one or more essential elements of a claim on which the opposing party has the burden of proof, trial would be a bootless exercise, fated for an inevitable result but at continued expense for the parties, the preemption of a trial date that might have been used for other litigants waiting impatiently in the judicial queue, and a burden on the court and the taxpayers. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (J. Rubin). Here, Luba has offered no evidence to show that the table saw was defective or how its design contributed to Maturain's injury. Moreover, Luba can not present any supporting expert opinion testimony in support of its claims against defendant. The Court therefore finds that summary judgment is warranted and Robert Bosch LLC's motion must be granted.

U.S. District Judge Richard T. Haik, Sr.